**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CASE NO.: 1:09-CV-00033-TBR**

**CAPITOL INDEMNITY CORPORATION**                                                              **PLAINTIFF**

**v.**

**SHAWN WHITLOW and**
**ALPINE RESORT MANAGEMENT GROUP, INC.**                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant, Alpine Resort Management Group, Inc.'s, Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (Docket # 7). Plaintiff, Capitol Indemnity Corporation, has filed a response (Docket #9). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

**BACKGROUND**

On October 1, 2005, a fire occurred on the premises owned by Alpine Resort Management Group, Inc. ("Alpine") which were being leased to Shawn Whitlow ("Whitlow"). Whitlow was leasing the property in order to operate a restaurant within the hotel on the premises. Capitol Indemnity Corporation ("Capitol") issued a Commercial General Liability Policy of Insurance to Alpine and Whitlow for the subject premises effective August 31, 2005, to December 19, 2005.

On August 29, 2006, Alpine filed suit in Cumberland County Circuit Court against Whitlow individually, and Whitlow d/b/a AAA Heating and Cooling, Inc., for his negligence in causing the fire, subsequent property damage to the subject premises, and for failure to return the property in a reasonable condition. Alpine also raised a breach of contract claim regarding a loan agreement between Alpine and Whitlow. Capitol has been providing defense for Whitlow in the state court proceeding.

On March 6, 2009, Capitol filed the present action under the Declaratory Judgment Act seeking this Court to determine the applicability and validity under Kentucky law of Capitol's insurance provisions. Specifically, Capitol pleads that it was not given timely notice of the Cumberland Circuit Court action by Whitlow; that AAA Heating and Cooling, Inc., is not an insured under the policy; and that any indemnity owed is limited by policy exclusions for contractual liability and property damage. Alpine now moves the Court to dismiss this action for failure to state a claim upon which relief can be granted.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal

not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of an action for failure to state a claim on which relief can be granted. Defendant asserts that a petition for declaratory judgment should be dismissed if it is filed after the commencement of a prior-in-time suit whose determination in another court will ultimately decide the liability of a party petitioning for declaration. Defendant states Cumberland County is the appropriate forum for determining the liability of the parties because that is where the underlying state cause of action has been filed.

Defendant urges the Court to consider several factors in determining whether to dismiss this case, including: the priority of commencement of suits; the applicable substantive law; and the convenience of respective forums. Defendant states that this suit was brought three years after commencement of the underlying suit in state court and that the applicable substantive law is Kentucky state law. Defendant asserts Cumberland County is a more convenient forum because all of the evidence and witnesses are located there. Defendant argues the Cumberland County Court can integrate the issue raised before this Court into the underlying state action.

Defendant also argues this action is barred by the doctrine of laches. Defendant reasons that Plaintiff's alleged lack of diligence in filing this declaratory action prejudices Defendant.

### I. Timeliness of Defendant's Motion to Dismiss

Plaintiff in response to Defendant's Motion first argues the motion should be denied as it is untimely. Federal Rule of Civil Procedure 12(a)(1)(A) states "[a] defendant must serve an answer within 20 says after being served with the summons and complaint" unless service has been waived.

There is no evidence the defendant waived service in this case. A motion asserting any of the defenses set forth in Federal Rule of Civil Procedure 12(b) "must be made before pleading if a responsive pleading is allowed." Therefore, a motion asserting failure to state a claim upon which relief can be granted must be made before the answer which is required to be filed within 20 days of service.

Service in this case took place on March 10, 2009, and the answer was due on March 30, 2009. The Motion to Dismiss was untimely filed on April 8, 2009. However, Federal Rule Civil Procedure 12(h)(2) provides that the defense of failure to state a claim on which relief can be granted can be raised at any time. Thus, this defense is not waived by untimely filing of the motion. *Hines v. Delta Air Lines, Inc*, 461 F.2d 576, 580 n.13 (5th Cir. 1972).

The filing of a motion under Federal Rule of Civil Procedure 12 enlarges the time to file an answer. Generally, a defendant will have 10 days after the court takes an action with regard to the motion that has been filed. Fed. R. Civ. P. 12(a)(4). However, in this case the period of time for filing the answer passed before the filing of the Motion to Dismiss and Defendant did not request an extension of time in which to file. Plaintiff has raised the timeliness of the answer and the motion to dismiss in its response, therefore the untimely filing of the answer has not been waived.

Failure to timely serve an answer can result in a default judgment under Federal Rule of Civil Procedure 55; however, default judgment is discretionary. 10A FED. PRAC. & PROC. CIV. § 2685 (3d ed.). The Court finds default is inappropriate in this case as Plaintiff has not so moved and Plaintiff has not been prejudiced by the delay in serving an answer, since the current motion to dismiss has been pending.

**II. Substantive Claims of Defendant's Motion to Dismiss**

Plaintiff next asserts Defendant has failed to meet its burden of proof for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff contends Defendant has failed to prove the inadequacy of the Complaint, and, in fact, has not challenged the adequacy of its allegations at all, but has merely argued that the forum is improper.

Nowhere in Defendant's motion does it assert the Complaint fails to state a claim upon which relief can be granted, only that the claim was raised in an inconvenient forum and too late.

Defendant asserts that a petition for declaratory judgment should be dismissed if it is filed after the commencement of a prior-in-time suit whose determination in another court will ultimately decide the liability of a party petitioning for declaration. Defendant cites *U.S. Fidelity & Guaranty Co. V. Koch*, for this proposition. 102 F.2d 288, 294 (3rd Cir. 1939). However, this case involved the discretionary determination of the district court as to whether or not to exercise jurisdiction in an action for declaratory judgment. *Id.* The court did not mandate that such a case must be dismissed but held that

> An obvious and principal reason for the exercise of such discretion is found in the existence of a suit whose determination in another court will ultimately decide the liability of the party petitioning for a declaration. If the petition for a declaration is filed after the commencement of such suit, it should be dismissed . . . .

*Id.* This is not the same determination as a holding that a complaint fails to state a claim upon which relief can be granted and must, therefore, be dismissed.

The purpose of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). Defendant's motion does not test the sufficiency of Plaintiff's complaint or allege any reason that relief cannot be granted. As Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and has not met the burden of

5

establishing why relief cannot be granted, denial of the motion to dismiss is proper.

### III. Discretion of the Court to Exercise Jurisdiction

While not explicitly raised by Defendant, the Court believes Defendant intended to move the Court to exercise its discretion under the Declaratory Judgment Act and decline to accept jurisdiction of this case. Plaintiff raised this issue in its response; however, Defendant did not file a reply. As Defendant did not raise this issue in its motion and did not reply to the issue once raised by Plaintiff, the Court finds in inappropriate to rule on this issue at this time.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Defendant's Motion to Dismiss is DENIED.